UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHN KEANE,<br><br>Plaintiff,<br><br>v.<br><br>SHARON KEANE and JANMARIE SCHNABEL,<br><br>Defendants. | CAUSE NO. 3:24cv996 DRL-SJF |

OPINION AND ORDER

John Keane sued in late 2024, seeking a constructive trust on his late mother's estate and alleging his sisters improperly influenced their mother to share her estate unevenly among her children. A year later, after a discovery impasse, the magistrate judge granted a motion to compel, ordered the production of certain emails and text messages, compelled two witnesses to sit for depositions (John Keane and Jeffrey Schnabel), and awarded attorney fees as a sanction.

Not all played out as ordered even then, so, on February 3, 2026, the sisters filed another motion for sanctions, seeking the case's dismissal for Mr. Keane's "contumacious disregard of the discovery process" and the court's prior order. After briefing, the magistrate judge recommended dismissing the case with prejudice as a sanction for Mr. Keane's noncompliance with discovery. The magistrate judge also awarded some attorney fees to the sisters.

Mr. Keane objects to the report and recommendation for three reasons—at least three as the court soon distills them. The court overrules each today, adopts the recommendation, and dismisses the case with prejudice.

BACKGROUND

By way of more background, John Keane alleges that his sisters, Sharon Keane and Janmarie Schnabel, unduly influenced their mother to decrease his inheritance and increase theirs. The parties dispute whether their mother suffered from short-term memory loss and dementia or whether she made a sound, even if difficult, decision to reduce her son's share of the estate (from a third to 6 percent). He claims they abused a constructive fiduciary relationship with her to "deprive him of a legitimate expectancy or inheritance of more than $1,000,000."

During discovery, the sisters requested text messages and emails between Mr. Keane and Janmarie Schnabel's ex-husband (Jeffrey Schnabel) [RPD 2], whom the sisters theorized provided information that motivated this case amid an acrimonious divorce. After two months of unanswered follow-ups about this document request, the sisters filed a motion to compel. In response, Mr. Keane produced some documents, but the sisters viewed the production as incomplete. After the parties reached an impasse over who should bear the cost of supplementing production, and depositions of Mr. Keane and Mr. Schnabel were reset twice, the sisters filed their first motion for sanctions, either for dismissal or some other sanction.[1]

On December 31, 2025, the magistrate judge found that Mr. Keane's attorney unreasonably relied on Mr. Keane's word to verify the production's completeness in the face of a clear showing by the sisters to the contrary and that, irrespective of cost, responsive documents had not been produced [32]. The magistrate judge also found that Mr. Keane's repeated delay in scheduling depositions, albeit not willful, warranted attorney fees. Accordingly, the magistrate judge granted the motion to compel, awarded fees as a sanction, and reopened fact discovery

[1] Counsel for Mr. Keane here also represents Mr. Schnabel in his state divorce action.

until March 6, 2026 for two purposes—for Mr. Keane to produce additional responsive documents and for the sisters to depose Mr. Keane and Mr. Schnabel. In doing so, the magistrate judge warned Mr. Keane "that any discovery transgressions, such as failure to appear for or participate in a deposition may result in sanctions against him, up to and including dismissal of this action." No one objected to the magistrate judge's ruling.

About a week later, on January 8, 2026, the sisters (through counsel) emailed opposing counsel (at lawyer1bill@gmail.com) to acquire the missing emails by January 23, 2026. He also communicated that he would reschedule the depositions of Mr. Keane and Mr. Schnabel for January 30 and February 6, planning to send notices for these depositions on January 12 if there were no objections. Over the course of the following month, the sisters followed up on five different occasions via phone and email, and mailed notices of the two depositions (with a subpoena for nonparty Schnabel) on January 14. Mr. Keane never responded through counsel.

The day for the first deposition arrived, and Mr. Keane never appeared. The sisters inquired about his absence and added that Mr. Schnabel's summons had been returned as undelivered. They explained that they would be filing another motion for sanctions, this time to dismiss; and, absent confirmation of attendance, Mr. Schnabel's deposition would be canceled. Mr. Keane again never responded. So, come February 3, 2026, the sisters filed a Rule 37(b) motion for sanctions to dismiss the case for failure to comply with the discovery order [34].

The next day, now having received notice of the motion to dismiss, Mr. Keane's counsel emailed (from Lakesidelawyer1966@gmail.com) that he overlooked the other communications because he was in the Philippines on a multi-week vacation (January 7, 2026 to February 18,

2026), and only had access to Lakesidelawyer1966@gmail.com.[2] Believing there was still time to comply with the discovery order, Mr. Keane's counsel offered to confer via Zoom. The other side declined and cited the pending motion to dismiss. Three weeks later, Mr. Keane's counsel reached out with proposed dates for a Zoom deposition during the last week of February and in-person depositions during the first week of March.

Meanwhile, the court referred the second motion for sanctions to the magistrate judge. Mr. Keane filed a motion for leave to file discovery documents on March 3 (a mere three days before the discovery cutoff), claiming now to have produced all emails between Mr. Keane and Mr. Schnabel [45]. After briefing was complete, Magistrate Judge Scott J. Frankel evaluated both motions, accepted the discovery filing, and recommended dismissal and attorney fees as a discovery sanction, finding that Mr. Keane failed to comply with the discovery order and that his conduct constituted reckless disregard, bad faith, and fault [51-2].

Mr. Keane timely objected to this recommendation (his objection entitled a motion for review) [53]. He raises three objections: (1) that the magistrate judge erred by treating Mr. Keane's motion for leave to file discovery documents as an untimely surreply, (2) that the magistrate judge erred in recommending dismissal as a sanction and by characterizing Mr. Keane's conduct as rooted in bad faith, reckless disregard, and fault, and (3) that the magistrate judge erred by awarding attorney fees and costs for Mr. Keane's nonappearance at his deposition and for the second motion to dismiss. The court addresses these objections and thereby the affected filings.

[2] The court notes that lawyer1bill@gmail.com is the email associated with all of trial counsel's filings in this case, as well as the email listed to be noticed on the docket. Trial counsel for Mr. Keane receives notice of docket activity to multiple emails, including Lakesidelawyer1966@gmail.com.

STANDARD

The court reviews a magistrate judge's order under Rule 72. The magistrate judge's recommendation here concerned a referred dispositive matter (the second motion to dismiss and related sanctions), so a party who disagrees with the recommendation must file "written, specific objections." Fed. R. Civ. P. 72(b)(2). A specific objection is an objection that "specif[ies] each issue for which review is sought." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 741 (7th Cir. 1999); *see also* 28 U.S.C. § 636(b)(1). "The point of making objections is to tell the district judge . . . what issues the parties actually dispute." *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988). The court reviews those portions of the recommendation to which objection has been made anew (*de novo*) and other unobjected-to portions of the recommendation for clear error. *Johnson*, 170 F.3d at 739, 741. Clear error means that the magistrate judge's conclusion will not be overturned unless the "court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997).

DISCUSSION

Rule 37 provides for sanctions, up to and including dismissal of the action, when a party fails to comply with a discovery order. Fed. R. Civ. P. 37(b)(2)(A). Dismissal for failure to comply with discovery obligations should not be undertaken lightly and only upon a finding "that the responsible party acted or failed to act with a degree of culpability that exceeds simple inadvertence or mistake[.]" *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016). "Sanctions may be imposed when a party persistently fails to comply with a discovery order and displays willfulness, bad faith or fault in doing so." *Crabtree v. Nat'l Steel Corp.*, 261 F.3d 715, 720

(7th Cir. 2001) (citations and quotations omitted); *see e360 Insight, Inc. v. Spamhaus Project*, 658 F.3d 637, 642 (7th Cir. 2011); *In re Golant*, 239 F.3d 931, 936 (7th Cir. 2001).

"Sanctions, including dismissal, must be proportionate to the circumstances." *Donelson v. Hardy*, 931 F.3d 565, 569 (7th Cir. 2019). "Factors relevant to the decision to dismiss include the plaintiff's pattern of and personal responsibility for violating orders, the prejudice to others from that noncompliance, the possible efficacy of lesser sanctions, and any demonstrated merit to the suit." *Pendell v. City of Peoria*, 799 F.3d 916, 917 (7th Cir. 2015). A party's failure to respond to document requests can be grounds for dismissal. *Hindmon v. Nat'l Ben Franklin Life Ins. Corp.*, 677 F.2d 617, 620-21 (7th Cir. 1982). The same is true of a party's failure to appear for a deposition. *Pendell*, 799 F.3d at 918. The facts underlying Rule 37 dismissals must be established by a preponderance of the evidence. *Ramirez*, 845 F.3d at 781.

A. *Surreply.*

The court addresses first a procedural objection. The magistrate judge characterized Mr. Keane's motion for leave to file discovery (filed March 3, 2026) [45] as a surreply. Of course, Mr. Keane earlier filed a response to the motion for sanctions (on February 24, 2026), so he could have articulated all his points in that response. On its face, the two-page motion proposed to submit the communications between Mr. Keane and Mr. Schnabel that had been ordered for production in December 2025, though it attached a response to the document request that lodged at times additional argument or characterizations of prior discovery, investigation, or exchanges with opposing counsel [45-1]. Mr. Keane suggests the magistrate judge treated the motion as an untimely surreply. He says he merely intended the motion to demonstrate compliance with what

he calls a March 6, 2026 deadline—thus, by definition, really just added response to the second motion for sanctions.

The objection perhaps gets lost in form over substance. In truth, the magistrate judge accepted the filing, notwithstanding the fact that a surreply is discouraged, and though docketing discovery is generally impermissible. The magistrate judge called it a surreply but considered the motion exactly as it was intended by Mr. Keane—as additional support for his claim that he tried to comply with the court's discovery order. Indeed, the magistrate judge showed Mr. Keane considerable grace because his original response [43] was untimely and still was permitted as well. There being no reason then to object, the court overrules this procedural point.

B. *Recommended Dismissal.*

Relevant factors justify the magistrate judge's well-reasoned recommendation of dismissal. *See Donelson*, 931 F.3d at 569; *Pendell*, 799 F.3d at 917. The magistrate judge's order weighed the pertinent factors (save one) and articulated soundly why they favor this sanction. Having reviewed the matter anew, the court concurs with the recommendation.

For one, Mr. Keane's conduct grew over time to become contumacious. He neglected to produce relevant documentation based on at least carelessness, failed to appear for deposition, necessitated a motion to compel, even then failed to cure the deficiencies, thus required an order to compel, and caught a sanction for attorney fees, all the while warned that future discovery transgressions, including the failure to appear for deposition, could result in dismissal. That was only phase one. Mr. Keane thereafter failed to appear for a duly noticed deposition after being ordered to appear. *See Pendell*, 799 F.3d at 918. In addition, rather than promptly provide missing documentation, Mr. Keane did nothing by way of producing materials for nearly two months.

These documents were important to prepare for two depositions, so the notion that he could just wait until the eve of the close of discovery and be viewed as compliant with the court's order was not just shortsighted and sluggish, but in the face of the magistrate judge's warning willful.

For another reason, the sisters experienced delay, added cost, and prejudice. This case was filed in December 2024. For a relatively simple case, it now approaches the two-year mark. The parties had at least seven months of discovery originally, extended to nearly ten months. The sisters served their document request in mid-May 2025. Aside the original discovery response (June 12), Mr. Keane was court-ordered to supplement any incomplete answers every six weeks, thus there were at least six moments (before March 6, 2026) when he had an obligation, by rule and by order, to bring his document production to completeness. It should not take ten months to get to the beginnings of a real response, even then still incomplete. Mr. Keane's conduct required three motions from the sisters (and that cost). His failure to comply caused discovery to be reopened by the magistrate judge. It caused the presider's status conference to address trial readiness to be vacated. It led to a canceled mediation (not surprising when key documents or depositions have not been given). From all indications, it precluded the sisters from preparing thoroughly for two depositions, including a key one in Mr. Keane's deposition. And he never showed for his deposition, so they incurred extra cost. The court understands the desire to see family and to vacation, and the special demands that a solo practitioner shoulders to make this happen, but one cannot leave pressing court-ordered professional obligations unaddressed before departing on such an extended trip, or in that event unattended for so long thereafter that they become effectively ignored. And one side should not be forced to work overtime in the final leg merely because the other side worked not at all.

For yet another reason, the court cannot say the efficacy of lesser sanctions would be appropriate. An order to compel was a lesser sanction. An award of attorney fees was a lesser sanction. A stern warning from the magistrate judge was a lesser sanction. If in the face of these lesser sanctions a party does not get the message that documents should be straightaway produced and depositions given, then it begs the question what lesser sanction to dismissal would motivate compliance. That seems particularly true when, even on the eve of discovery reclosing, and even after a second motion to dismiss, the relevant material seems not to have been produced to enable these depositions (more on that in a moment). Sanctions are the goads to compliance with all expectations, and here Mr. Keane had the benefit of several lesser ones before the magistrate judge recommended a more ultimate one in dismissal. Not heeding other calls for compliance for so long cannot be seen as anything less than a deliberate choice.

Mr. Keane argues that, even if there was misconduct, the strength of his case offsets his noncompliance and weighs against dismissal. Because a sanction must be proportionate, the court considers any "demonstrated merit" or corresponding "weakness" to his case. *Donelson*, 931 F.3d at 569; *Pendell*, 799 F.3d at 917. In fairness, the magistrate judge's recommendation seems to have weighed the other factors so heavily that it passed over this consideration. Mr. Keane objects. He contends that the evidence supports his claim that undue influence by his sisters soured his otherwise healthy relationship with his mother and decreased his share of the estate.

No one seems to dispute his inheritance was reduced in 2019, but Mr. Keane offers little else than the pleadings and allegations in briefing to suggest any merit to his suit. In the face of such a perfunctory showing, the court will not scour the record in search of support for his claim. *See Davis v. Carter*, 452 F.3d 686, 692 (7th Cir. 2006). Contesting the meritoriousness of this suit,

the sisters cite several pieces of evidence that seem to contradict Mr. Keane's assertions of a loving relationship with his mother, including his own statements disparaging his mother [22-6; 26-10]; that contradict his allegation of his mother's incompetence, including a treating medical physician's affidavit that his mother experienced cognitive decline only in 2021 and beforehand had no difficulty deciding what her children deserved based on their relationship with her [47-1]; and that contradict his allegation of undue influence, not least an affidavit from his mother's financial advisor who attended the meeting with her and a well-regarded estate lawyer in town to revise her trust in 2019, during which his mother knew exactly what she was doing [35-8]. The court isn't finding facts today, but if the choice is between sworn statements and unsworn allegations, strength lies with those who have subjected their statements to the penalties of perjury. The court cannot find this case strong enough to weigh against dismissal. The cost may be high, but Rule 37(b) provides for dismissal when, like here, Mr. Keane willfully failed to heed the magistrate judge's warning and abide the order to compel.

From here, Mr. Keane renews argument that the magistrate judge ably considered. Mr. Keane claims his noncompliance with the magistrate judge's order to produce records and to have Mr. Keane and Mr. Schnabel appear for their depositions should be excused on account of a good-faith misunderstanding—namely, his belief that he had until the March 6 deadline to make it all happen. The rules favor the diligent. Working at the last minute wasn't that. Perhaps with the benefit of hindsight it would have been better practice to impose a deadline for the document production specifically, but the magistrate judge should not be forced to hand-hold experienced counsel after a plain order to produce records, to coordinate depositions, and to pay attorney

fees. That sent a clear message to get on it. And the court had previously warned that the "last month of discovery is designed to conclude the process, not begin it" [27].

If Mr. Keane misunderstood the expectations of the magistrate judge's order, it was his "responsibility to seek clarification from the court before attempting to make self-serving unilateral assumptions about the court's adjustment of the pretrial calendar." *Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004). Reading the magistrate judge's order as relaxed, permitting Mr. Keane to take his sweet old time to produce records that were due to be produced months before and to coordinate depositions that likewise should have occurred long ago, was ill-advised. His assumption would mean that he could foist on the other side the obligation to wait until he was good and ready, but the other side noticed depositions and fairly requested the unproduced documents beforehand, and the sisters were entitled to do that without waiting. The sisters were not required to wait until the eleventh hour to receive key documents or to take key depositions and then be deprived of reasonable preparations or any possibility of follow-up. The suggestion that Mr. Keane could unilaterally pause discovery and disregard the magistrate judge's order, until the eve of discovery reclosing, without informing the sisters or seeking leave from the court, merely shows that he acted with eyes wide open as he let another 55 days pass. The court cannot fault the magistrate judge for calling this reckless disregard.

Mr. Keane also says his March 3 motion for leave to file discovery served as a good faith effort to comply with the production order. Even accepting the filing as the magistrate judge did, the production was once again incomplete, with a mere three days left for the sisters to do anything about it, much less to take full depositions. Even now, Mr. Keane has not explained how the magistrate judge erred in finding the production unfinished. The sisters asked for all

written communications between Mr. Keane and Mr. Schnabel from 2016 to the present day and specifically requested, as a follow-up to a partial production, emails from eight dates, in addition to any other responsive messages [35-1]. As stated in his last-minute motion, Mr. Keane produced 395 pages of texts and 19 emails (albeit from his phone). He represented that the other emails requested by the sisters could not be found; but he misidentified all the dates but one, without explanation for the discrepancy.[3] Mistaking one date would likely just be that, a mistake. Erring on two or three dates might just be sloppy. Miscommunicating all but one to suggest in argument to the court that none could be found starts to cross over the line into bad faith. And it is unclear how such conduct, three days before the reclose of fact discovery—which was reopened for the singular purpose of concluding this process—could be characterized as reasonable compliance with the production order, not least when seemingly incomplete.

Now to the depositions. The magistrate judge extended some grace to Mr. Keane, noting that he could have simply addressed the production and depositions openly with the other side before his trip, or addressed them with the court to adjust the schedule to permit another way, and perhaps the magistrate judge might have ruled differently. But instead, Mr. Keane acted unilaterally and failed to show for his deposition as noticed. The magistrate judge found that Mr. Keane ignored the deposition notice until after the second motion to dismiss was filed. Even then, he provided only two dates for an in-person deposition, either on the day or two before

[3] The sisters requested emails referenced in text messages between John Keane and Jeff Schnabel from April 24, 2025; April 23, 2025; March 5, 2025; February 25, 2025; December 11, 2024; July 23, 2024; June 15, 2024; and March 26, 2024, noting that no emails between April 12, 2025 and June 5, 2025 had been produced [35-1]. Mr. Keane correctly identified only July 23, 2024 [45-1].

discovery reclosed, still without the requested documents having been produced.[4] The magistrate judge found that this reflected bad faith and fault for the sanction of dismissal. Although some shared snafus may have impeded the other deposition of Mr. Schnabel in 2025, Mr. Schnabel apparently declined service of his notice and subpoena in 2026 (after previously representing last year he would not sit for a deposition), so his was canceled. Mr. Keane offered the same two dates to retake his deposition, once more without all the documents seemingly being produced. The magistrate judge found that Mr. Keane's failure to accommodate this deposition, when he had taken on the onus of scheduling, also pointed toward dismissal as an appropriate sanction.

Mr. Keane objects because he lacked actual knowledge of the January 30 date for his deposition. His counsel uses three apparent email addresses—all used by the court's filing system to send him notices. The docket displays one such email as the primary contact—namely lawyer1bill@gmail.com. The sisters sent the deposition notice via this email and by certified mail to Mr. Keane's counsel [35-4]. Mr. Keane explains his counsel never saw the notice, but he offers no explanation for why his counsel could check email at lakesidelawyer1966@gmail.com from the Philippines but not lawyer1bill@gmail.com, or why he could not check his voicemail, or why he could not tell other parties or lawyers how to reach him. Perhaps in another case this too could be chalked up to mere neglect, but in the context of this entire record and in the face of the magistrate judge's order and warning, the court is left to conclude, as the magistrate judge did, that Mr. Keane ignored the notice or willfully chose not to monitor the email designated for service. Both are unacceptable. *See Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 700 (7th Cir. 2014)

[4] The magistrate judge's recommendation referred to these dates as the day before and the day of the deadline for the parties to complete discovery [51-2], but it seems Mr. Keane proposed March 4 and March 5 rather than March 6.

(upholding a Rule 41 dismissal when a party blamed absence from a hearing on lack of knowledge despite being duly notified by email service). The notices weren't immediate; the sisters didn't try a quick gotcha. The sisters cannot be faulted for their attempts to move ahead with discovery when Mr. Keane, without forewarning, fell off the face of the earth and seemingly stopped communicating. Mr. Keane's failure to attend his third duly-noticed deposition "violated the most essential and direct discovery order issued by the court: attend your deposition." *Halas v. Consumer Servs.*, 16 F.3d 161, 165 (7th Cir. 1994).

Mr. Keane also maintains that the sisters violated Rule 37(a)(1)'s meet-and-confer requirement by filing a motion to dismiss without affording counsel a chance to speak. The magistrate judge capably handled this issue too. Although the court recognizes that the federal rule and corresponding local rule envision two-way communication, it contemplates good faith efforts. In total, the sisters sent four emails to lawyer1bill@gmail.com (the only email used in previous communications), left four voicemails, and mailed certified notice of the depositions to the registered post office box. The court agrees with the magistrate judge that one can hardly characterize these efforts as less than good faith. Mr. Keane also argues that the sisters acted in bad faith by not rescheduling the depositions for March 4 and March 5 when offered those dates on February 24. Of course, by then, three prior efforts to set Mr. Keane's deposition had been kiboshed, a second motion to dismiss had been filed, and still the sisters ostensibly had not received the full production that had been ordered by the magistrate judge.

Finally, Mr. Keane cites various authorities for the proposition that dismissal, as a sanction, is warranted only when a party has been warned multiple times or a party has willfully ignored a court order to act on a specific date. He argues that no authority supports a finding of

noncompliance for intermediate deadlines set by the opposing party. In effect, this is an argument that the magistrate judge should have done more to babysit the process or the parties, and that point will not sell. As explained, Mr. Keane had a duty to attend his duly-noticed deposition when it was set to occur, backed by the court's order to do so. The magistrate judge didn't need to spell out the date. Producing only some of the records on March 3, expecting the other side to depose the last two witnesses on March 4 and 5, with discovery set to reclose on March 6, after the magistrate judge's order to compel on December 31, was not compliance, and willfully so. And the magistrate judge clearly warned Mr. Keane of the urgency of satisfying his discovery obligations. Mr. Keane's failure to communicate with the other side during compressed discovery, repetitive incomplete production, and ongoing failure to produce the plaintiff for deposition—after the magistrate judge reopened discovery to cure prior failings and warned about grave consequences for future ones—evince the level of fault and willfulness to justify the recommendation to dismiss this case. Mr. Keane has not demonstrated that the magistrate judge's recommendation is wrong.

C. *Attorney Fees.*

Mr. Keane last contests the magistrate judge's award of attorney fees for Mr. Keane's no-show deposition on January 30 and for briefing on the motion to dismiss. Attorney fees under Rule 37 do not require a similar showing of willfulness, bad faith, or fault. *e360 Insight*, 658 F.3d at 642. Instead, attorney fees are required upon a finding that a party failed to comply with a discovery order, so long as the failure was not substantially justified or other circumstances make an award unjust. Fed. R. Civ. P. 37(b)(2)(C). Other than redirecting this discussion to the right

rule, the court finds no error in the magistrate judge's recommendation to award fees and reasonable expenses for these two particular items.

CONCLUSION

Accordingly, the court ACCEPTS the recommendation to dismiss as augmented here [51-2], OVERRULES the objections in the motion for review [53], GRANTS the motion to dismiss [34], GRANTS the motion for leave to file discovery [45], DISMISSES this case with prejudice under Rule 37, DIRECTS the clerk to enter judgment for the defendants, and ORDERS any itemized fees and costs to be submitted under Rule 54(d) within 14 days of the judgment.

SO ORDERED.

September 24, 2026

*s/ Damon R. Leichty*
Judge, United States District Court